# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

       Plaintiff,

    v.                                   CR19-766 WJ

JEREMY ROACH,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING RELEASE BASED ON COVID-19 WITHOUT PREJUDICE
## and
## ADVISING COUNSEL REGARDING FILING SEALED PLEADINGS

THIS MATTER comes before the Court upon Defendant's Sealed Motion to Permit Jeremy Roach to Self-Surrender to the Bureau of Prisons Because He is Particularly Vulnerable to the Worst Consequences of COVID-19 Infection, filed May 14, 2020 **(Doc. 85).**[1]

## BACKGROUND

Defendant was sentenced to 70 months incarceration on December 4, 2019 after pleading guilty to charges of distribution of 5 grams and more of methamphetamine under 21 U.S.C. §841(b)(1)(B). Doc. 67. The Judgment was entered on January 15, 2020. Doc. 71. Defendant seeks release from the Santa Fe County Detention Center ("SFCDC") where he is currently housed and awaiting transfer to the Bureau of Prisons ("BOP") and be permitted to "self-surrender" to the BOP at a later time to serve his sentence. Transfer of convicted detainees from New Mexico into

---

[1] As the Government notes, the CM/ECF entry indicates that the motion pertains to both Jeremy Roach and Justin Brown, but nothing in the body of the motion relates to Justin Brown and there is nothing indicating that Mr. Brown has joined in the motion. Therefore the Court will treat the motion as pertaining only to Mr. Roach.

BOP facilities has been delayed due to measures being taken to stem potential cross-contamination among detention facilities.

Defendant claims he has serious health problems which puts him at additional risk for contracting the Coronavirus Disease ("COVID-19"). If released for voluntary surrender, Defendant proposes to reside in Portales with Mr. Ahmed Bensseuda, his former brother-in-law who is prepared to provide Defendant with medically safe and stable premises as third-party custodian. The Government is opposed to the request because (1) there is no legal authority for granting it; and (2) even if such authority exists, Defendant cannot meet his burden to show that he would not be a flight risk.

## DISCUSSION

### I.    Request for Release

To start with, Defendant mischaracterizes the motion as one seeking allowance to "self-surrender" at a later date, noting that "federal courts are beginning to protect prisoners by extending voluntary surrender dates" because of COVID-19 implications. Doc. 83 at 3. However, these "self-surrender" cases are not relevant at all here because Defendant was remanded to the custody of the U.S. Marshal on January 15, 2020 and has been serving his sentence since that time. Doc. 71 at 3 (Judgment); *see, e.g., U.S. v. Cotinola,* 19cr243 JH, Doc. 79 (granting unopposed motion to extend self-surrender deadline by two months for defendant "**to begin serving his sentence**") (emphasis added). Thus, Defendant has already been "surrendered" to serve his sentence—courtesy of the U.S. Marshal. What he wants here is a "time out" from SFCDC in order to serve part of his sentence in home confinement.

COVID-19 is not its own legal standard, and as the Government notes, Defendant's motion does not set forth any legal standard as grounds for his requested relief as required under this

Court's local rules. *See* D.N.M.LR-Cr. 47.7 (a motion, response or reply must cite authority in support of legal positions advanced). Defendant seeks a Court order releasing him from custody in order to serve his sentence at his former brother-in-law's home until he is transferred to a BOP facility. However, the Court does not have authority to dictate placements to the BOP. *See United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006); *see* 18 U.S.C. § 3621(b) (the BOP designates the place of a defendant's imprisonment). The BOP may "designate any available penal or correctional facility that meets minimum standards of health and habitability . . . ." *Id.* Also, district courts are statutorily prohibited from modifying a term of imprisonment once it is imposed. *See* 18 U.S.C. §3582(c). The BOP may request a district court's recommendation, and by statute, a prisoner may only seek a recommendation after the prisoner has exhausted BOP remedies. 18 U.S.C. § 3582(c)(1)(A). Therefore, this Court does not have jurisdiction to grant the relief requested.

Defendant's motion is therefore DENIED WITHOUT PREJUDICE. Defendant may refile his motion if he makes clear the legal grounds for his request and provides argument based on specific and relevant legal authority.

## II.     Filing of Sealed Pleadings

Defendant filed the motion under seal, and the Government followed suit because the motion was sealed and because the motion refers to Defendant's medical conditions.

The public generally has a right to access court records. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) ("It is clearly established that court documents are covered by a common law right of access.") (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)). The Tenth Circuit has explained that "judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring

nondisclosure favoring nondisclosure." *Id.*; *see also Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) ("Although courts have long recognized a common-law right of access to judicial records, this right is not absolute." (citation and footnote omitted)).

The Court has been overrun with similar requests for release from detention or imprisonment because of the COVID-19 pandemic, and many of these requests mention a defendant's specific medical conditions which allegedly make them more susceptible to becoming infected with the virus. If every pleading in motions of this type were sealed, public access to Court documents would become the exception rather than the norm.

The information that Defendant seeks to protect from public disclosure is not automatically subject to sealing under the federal procedural rules. *See* Fed.R.Crim.P. 49.1 (Privacy Protection for Filings Made with the Court). Parties otherwise seeking to file a document under seal are required to seek leave of Court before doing so. *See* CM/ECF Adm. Proc. Manual, ¶9(h)(1) & (2) (leave of Court required to file documents under seal except under Fed.R.Civ.P.5.2(F), Fed.R.Crim.P 49.1 or statute). Therefore, should Defendant decide to refile, he is obliged to seek leave of Court before filing the motion under seal. Moreover, if allowed to do so, parties will be required to also file a redacted version of the document for public viewing.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Sealed Motion to Permit Jeremy Roach to Self-Surrender to the Bureau of Prisons Because He is Particularly Vulnerable to the Worst Consequences of COVID-19 Infection **(Doc. 85)** is DENIED WITHOUT PREJUDICE subject to refiling as described above;

**IT IS FURTHER ORDERED** that parties are directed to this District's procedures specific to filing documents under seal for future filings.

4

CHIEF UNITED STATES DISTRICT JUDGE